DISTRICT TOWNSHIP OF HIGH LAKE v. ESPESET *et al.*

**Schools :** SCHOOL FUNDS : CONVERSION BY COUNTY TREASURER : ACTION ON BOND : DIRECTING VERDICT : EVIDENCE. The principal defendant had been county treasurer, and this action is brought upon his bond to recover the plaintiff's share of the general school fund. There was evidence tending to show that defendant had received the money, and that, in his final settlement with the board of supervisors, he represented that he had paid it to plaintiff, and thus obtained credit for the amount ; that he held as a voucher for it a warrant issued by the county auditor in favor of plaintiff's treasurer, but not countersigned by the plaintiff's president and secretary, as required by law ; that such warrant was delivered by the auditor to defendant at his request a few days prior to the end of his term of office ; and that the money was never in fact paid to plaintiff. At the close of plaintiff's evidence the court ordered a verdict for defendant. *Held*—

    (1) That such order was not justified on the ground that it was not shown that an apportionment had ever been made by the auditor of the fund in question, as required by law ; for, conceding that such apportionment would be necessary to entitle plaintiff to maintain an action for its share, the representations of defendant to the supervisors were, as to him at least, *prima-facie* evidence thereof, which should have been submitted to the jury.

    (2) That such order was not justified on the ground that it was shown that plaintiff had received in the aggregate, for the years included in defendant's term of office and the succeeding year, its full share of the fund ; for an overpayment to it for the succeeding year would only be a matter for adjustment between it and the county, and not an offset to defendant's liability.

    (3) That such order was not justified on the ground that the money was payable only on the auditor's warrant countersigned by defendant's president and secretary, and that the evidence showed that plaintiff had no such warrant ; because the money was not demanded of the treasurer as such, but of one who had converted it to his own use.

*Appeal from Emmet District Court.*—HON. LOT THOMAS, Judge.

FILED, OCTOBER 13. 1888.

DEFENDANT Espeset was treasurer of Emmet county from January 1, 1882, to January 1, 1884, and the other defendants are the sureties on his official bond. This is an action on the bond to recover the sum of four hundred and fifty dollars, which, as is alleged, came into the hands of the treasurer for plaintiff, and which he did not pay over either to it or to his successor in office. At the close of plaintiff's evidence the district court directed a verdict for defendants, and entered judgment on the verdict returned in obedience to that direction. Plaintiff appeals.

*J. G. Myerly*, for appellant.

*Soper & Allen*, for appellees.

REED, J.—The fund in question is a portion of the general school fund of the county, which is derived from the tax levied by the board of supervisors for the support of schools, and interest on the permanent school fund. The balance-sheet presented by defendant to the board of supervisors at the expiration of his term of office, and by which his final settlement was made, shows that he received during the year 1883 the sum of $1,883.71, belonging to that fund; also, that he had disbursed the whole of that amount except $345.96, one item of disbursement being $1,510, paid to district townships. Plaintiff proved that one item of the credit so claimed by defendant was for four hundred and fifty dollars, which he had credited to himself on his ledger as having been paid to it. It also introduced evidence which tended to prove that he held, as a voucher for that item, a warrant issued by the county auditor directing him to pay that amount out of the fund to the township treasurer. The warrant, however, was not countersigned by the president and secretary of the district township, and it was shown that the auditor delivered it to defendant, at his request, a day or two before the expiration of his term of office. There was

evidence, also, which tended to prove that the money was never in fact paid to plaintiff's treasurer.

I.    The statute (Code, sec. 1781) makes it the duty of the auditor to apportion the fund, on the first Monday in April and the first Monday in September, among the several district townships and independent districts in the county, and by the next section he is required to immediately notify the president of each of the districts of the amount to which his district is entitled under the apportionment, and deliver to him his warrant on the treasurer for the amount. These warrants are required to be countersigned by the president and secretary of the district before the treasurer is authorized to pay them. One ground of the motion to direct the verdict was that the evidence did not show that the fund had ever been apportioned by the auditor. The theory of counsel is that, until such apportionment is made, the fund remains the common property of all the districts in the county; and no one of them can maintain an action to compel the payment to it of the sum which might be supposed would be due it if the proper division had been made. The correctness of this theory as a general proposition may well be conceded. If the money remained in the treasury, it is probably true that the district could not maintain an action to recover its share of the fund until the amount had been ascertained and set apart to it. But plaintiff's claim is that the money is not in the treasury, but has been converted by defendant, and that, by the false representations that the apportionment had in fact been made, and that he had paid over to it the amount ascertained by the apportionment to be due it, he had been allowed a credit for the amount in his settlement; and the evidence, as we have seen, tended to establish that claim. By claiming credit for the amount as having been paid to defendant, he in effect represented, not only that the payment had been made, but that all of the conditions essential to give him the authority to make it had been complied with. The warrant of the auditor for the payment of the sum named out of the fund is the only

evidence of the apportionment required to be preserved. The statute does not require the auditor to make any further record of it. By claiming the credit, then, he represented that such warrant had been issued, and that he had taken it up ; and if by means of that representation he induced the board of supervisors to settle with him, and allow him the credit as against him, the representation will be taken, *prima facie* at least, as true. We are not required to determine whether he is estopped from now denying the truth of the representation, for that question was not passed upon by the court below. By sustaining the motion, it held simply that there was no evidence at all that an apportionment had been made. But the evidence of that fact, as we have seen, is found in the representation made by defendant. If an apportionment was in fact made, and defendant now retains the amount due plaintiff thereunder, or has converted it, there can be no question, we think, of the right of plaintiff to pursue its remedy on the bond.

II. Another ground of the motion was that the evidence did not show that plaintiff had not received, before the suit was instituted, the full amount of the fund to which it was entitled. But defendant's balance-sheet, together with the evidence that the item of four hundred and fifty dollars, for which he claimed and received credit, had never been paid to plaintiff's treasurer, does afford some evidence upon that question. The evidence tending to prove the non-payment of the money is not conclusive, of course, but the question as to its credibility was for the jury. If that fact was proven, it, together with the balance-sheet, would *prima facie* establish plaintiff's case on that question. But it was claimed that the evidence showed conclusively that plaintiff had in fact received the full amount coming to it out of the fund. This result was arrived at by aggregating the sums received by plaintiff in the years 1882, 1883, 1884, as shown by the books of its treasurer, and comparing that amount with the sums it was entitled to receive for those years, as shown by the books and doc uments in the office of the auditor and county treasurer.

But much the greater part of the sum was received in 1884, after the expiration of defendant's term of office. The fund, as we have seen, was diminished by the credit claimed and allowed him in the settlement. If plaintiff has received a portion of the fund, after that diminution, in excess of what would be coming to it upon a correct apportionment of it, that would be a matter for adjustment between it and the county or its officers, or, possibly, between it and the other districts, but the question between it and defendant would be in no manner affected by it.

III. It was also urged that, as the treasurer is authorized to pay the money only upon a warrant properly countersigned by the defendant and secretary, and as plaintiff does not have such, it cannot recover. But this claim is disposed of by what we have already said. If the money were in the treasury, it could be properly paid only on such warrant. But the claim is that it is not there, but was retained and withheld by defendant upon a false and unlawful claim. While the warrant would be essential to entitle plaintiff to recover it from the treasurer, it is not essential to its right to recover it from one who obtained it by the means alleged. The judgment will be

REVERSED.